IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

BRANDON GERALD                                                  PLAINTIFF
611 Kentucky 44
Shepherdsville, Kentucky 40165

Case No. 3:21-cv-104-BJB

v.

Judge Benjamin Beaton

TRANS UNION, LLC                                            DEFENDANT
555 W. Adams Street
Chicago, Illinois 60661

        SERVE:    The Prentice Hall Corporation System
                           421 W. Main Street
                           Frankfort, Kentucky 40601
                           (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Brandon Gerald, and for his Verified Complaint against the Defendant, Trans Union, LLC ("Trans Union") states as follows:

**I. PRELIMINARY STATEMENT**

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting dispute; Defendant's duplicate reporting of a medical collection tradeline; and Defendant's failure to correct the false reporting on Plaintiff's credit report.

**II. PARTIES**

2. Plaintiff, Brandon Gerald, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 611 Kentucky 44, Shepherdsville, Kentucky 40165.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

5. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Bullitt County, Kentucky as a result of the Defendant's doing business in Bullitt County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In or around August 2020, Plaintiff accessed his Trans Union credit report and discovered a duplicated medical collection account furnished by Louisville Recovery Services ("LRC").

9. Plaintiff disputed the duplicated LRC tradeline to Trans Union immediately upon his discovery of the tradeline. Specifically, Plaintiff notified Trans Union that the LRC tradeline was duplicated and that the duplicate tradeline should be deleted from his credit report. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C.

§1681i(a)(2)(A), notified LRC of the dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Plaintiff.

10. Plaintiff never received dispute results from Trans Union. In October 2020, however, Plaintiff again accessed his Trans Union credit report and discovered that the LRC tradeline was reporting as it had been reporting prior to Plaintiff's dispute. Trans Union, despite Plaintiff's dispute of the foregoing tradeline, verified the accuracy of the tradeline.

11. The Defendant's failure to investigate Plaintiff's dispute and its failure to maintain the accuracy of Plaintiff's credit history has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to properly investigate Plaintiff's disputes. In addition, Defendant's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

**Negligent Violation of the Fair Credit Reporting Act**

12. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

13. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

14. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items

under 15 U.S.C. §1681i.

15. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

16. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

17. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18. Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

19. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Gerald Brandon, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and

punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Gerald Brandon, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Gerald Brandon

COMMONWEALTH OF KENTUCKY )
                          ) SS
COUNTY OF JEFFERSON       )

Subscribed, sworn to and acknowledged before me by Gerald Brandon this 4th day of February, 2021.

_____
Notary Public RHONDA ROSBOTTOM
Commission expires: March 28, 2022